OPINION OF THE COURT
James E. dAuguste, J.
The motion by defendant State Farm Mutual Automobile Insurance Company to reargue is granted to the extent that the *830 court reconsiders its earlier determination granting plaintiff Lotus Acupuncture EC. summary judgment and upon reconsideration adheres to its original determination.
The facts of the case are not in dispute: State Farm sent an initial and follow-up request for an examination under oath (EUO) that were not complied with by Lotus. The sole legal issue is whether the insurer’s follow-up request was timely. The resolution of this issue rests on an analysis of two regulations, 11 NYCRR 65-3.6 and 65-3.8. The first regulation, 11 NYCRR 65-3.6, requires that the follow-up request be mailed within 10 calendar days. The regulation also references a 30-day outside deadline for the submission of verification material. The second regulation, 11 NYCRR 65-3.8, provides that an EUO verification request is completed on the day it is scheduled to occur. The court interpreted the regulations as measuring the accrual date for sending the follow-up request from the defaulted EUO appearance, also known as a “no show” in no-fault parlance. In so ruling, the court found that the 30-day deadline addresses the submission of documents as opposed to a verification request seeking a personal appearance on a specific date. State Farm requests that the court reconsider its determination and supports its application by submitting decisions by several judges of coordinate jurisdiction that decided the issue to the contrary, albeit without any explanation for their determination.
In the absence of appellate guidance, the court invited the Superintendent of the New York State Department of Financial Services’ amicus curiae opinion on the question of “whether [the above referenced regulations], when read together, require [ ] an insurer to send follow up verification requests within 10 calendar days of a defaulted examination under oath or from the expiration of 30 days from the original requests irrespective of the date the examination under oath appearance was scheduled.” (See order dated Aug. 13, 2012 [d’Auguste, J.].)
On December 3, 2012, the court received correspondence from Martha A. Lees, Esq., General Counsel for Insurance at the Department of Financial Services, attaching an earlier opinion letter setting forth the Superintendent’s continuing position for “when an insurer should send a follow-up verification request after a ‘no-show’ for an examination under oath.” The Superintendent’s position, as originally set forth in a December 22, *831 2006 opinion of the New York State Insurance Department,* is that
“[w]hen an EUO is required and the party required to appear fails to attend a scheduled EUO, the insurer must meet [its] obligations under N.Y. Comp Codes R. & Regs, tit 11, § 65-3.6(b) and within 10 calendar days, contact the party from whom verification (the EUO) has been requested and not been provided, i.e. non-attendance at the scheduled EUO, in order to afford the party a second opportunity to attend an EUO.” (Ops Gen Counsel NY Ins Dept No. 06-12-16 [Dec. 2006].)
The Superintendent’s opinion, which is entitled to great deference, firmly supports the court’s original conclusion that a follow-up EUO notice must be sent within 10 calendar days of the missed EUO. Moreover, legal commentary on the subject agrees with the reasonableness of the Superintendent’s regulatory interpretation. (See Larry Rogak, Judge Asks State for No-Fault Clarification, The Rogak Report: Insurance Law Digest [Aug. 23, 2012] [“logic and reason would seem to dictate that the measuring point is the date of the no-show”].)
The court is granting reargument as it considered the additional input from the Department of Financial Services. Upon reargument, the court adheres to its original determination that the 10-calendar-day deadline for sending a follow-up verification request is measured from the date the initial EUO is missed. As State Farm’s follow-up request was untimely, Lotus was properly granted summary judgment.

 In October 2011, the Insurance Department merged with the Banking Department to create a newly-formed Department of Financial Services.